PADUANO & WEINTRAUB LLP
Anthony Paduano (AP 8400)
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Telephone: (212) 785-9100
ap@pwlawyers.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                            :
CREDIT SUISSE SECURITIES (USA) LLC,
                                                            :
                    Petitioner,            No. 07-CV-08556 (JGK)
                                                            :
         -against-
                                                            :
JOHN L. SULLIVAN II,
                                                            :
                    Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF POINTS AND AUTHORITIES SUBMITTED BY
RESPONDENT JOHN L. SULLIVAN II IN OPPOSITION TO PETITION
BY CREDIT SUISSE SECURITIES (USA) LLC FOR INJUNCTIVE RELIEF**

Respondent John L. Sullivan II ("Mr. Sullivan" or "Respondent) respectfully submits this Memorandum of Points and Authorities in opposition to the motion of petitioner Credit Suisse Securities (USA) LLC ("Credit Suisse" or "Petitioner") for a temporary restraining order impairing Mr. Sullivan's ability to work for Jefferies & Co. in the financial service industry and to continue servicing his customers.

**PRELIMINARY STATEMENT**

The relevant facts are set forth in the accompanying Declaration of Mr. Sullivan, executed on October 17, 2007 ("Sullivan Decl.") and Affirmation of

Anthony Paduano, executed on October 16, 2007 ("Paduano Aff.") and will not be repeated herein. In short, Credit Suisse seeks to prevent its former Managing Director, Mr. Sullivan, from working for his new employer, Jefferies & Co., and from continuing to service his clients.

Credit Suisse concedes that it must arbitrate this dispute with Mr. Sullivan. However, it contends, erroneously, that arbitration must take place before JAMS in New York. There is no binding, written document executed by Mr. Sullivan that requires that this dispute be arbitrated before JAMS in New York. In fact, as explained below, arbitration must take place before Financial Industry Regulatory Authority ("FINRA") Dispute Resolution in the San Francisco area, where Mr. Sullivan works and resides, and where he worked during the entire period of time that he worked for Credit Suisse.

## ARGUMENT

### THIS DISPUTE MUST BE HEARD BEFORE FINRA AND CREDIT SUISSE IS ESTOPPED FROM ARGUING THAT THIS DISPUTE MUST BE SUBMITTED TO JAMS ARBITRATION

Credit Suisse argues that its Employment Dispute Resolution Program ("EDRP") prevents Mr. Sullivan from arbitrating this dispute before FINRA and instead requires him to arbitrate before JAMS. This argument is erroneous, in light of the terms of the EDRP, FINRA rules, Mr. Sullivan's Uniform Application for Securities Industry Registration or Transfer ("Form U4"), and Credit Suisse's own prior interpretation of its EDRP.

2

1. <u>**There Is No Enforceable Agreement to Arbitrate Before JAMS**</u>

Credit Suisse argues that Mr. Sullivan agreed to mediate and arbitrate this dispute before JAMS in New York City pursuant to the terms of Credit Suisse's EDRP. However, there is no integrated agreement singed by Mr. Sullivan to arbitrate this dispute before JAMS. There simply is no written document that requires arbitration before JAMS in New York. Accordingly, this action seeking injunctive relief in aid of JAMS arbitration must be dismissed.

Credit Suisse relies upon an Agreement To Use Employment Dispute Resolution Program Procedures (the "Agreement"), purportedly signed by Mr. Sullivan and dated August 9, 2001. Paduano Aff., <u>Exhibit 9</u>. Credit Suisse also relies upon its Employment Dispute Resolution Program, dated October 9, 2002, which it purports mandates resolution of this dispute before JAMS in New York City. Paduano Aff., <u>Exhibit 10</u>. However, the Agreement allegedly signed by Mr. Sullivan predates the effective date of the EDRP provided by Credit Suisse, which it claims requires Mr. Sullivan to mediate and arbitrate this dispute before JAMS in New York City. That is, when Mr. Sullivan purportedly signed the Agreement (August 9, 2001), the EDRP relied upon by Credit Suisse was not yet in effect (effective October 9, 2002). Accordingly, without an effective, integrated agreement requiring this dispute to be heard before JAMS in New York City, Credit Suisse's request for an injunction in aid of JAMS arbitration must be denied, and the parties should be compelled to arbitrate before FINRA in San Francisco, California, as explained in the Paduano Affirmation.

In addition, pursuant to Rule 11 of the Federal Rules of Civil Procedure, counsel for Respondent has alerted Credit Suisse and given it notice that its representations to the Court concerning an alleged arbitration agreement between the parties that mandates JAMS arbitration in New York simply does not exist. Despite this notice, Credit Suisse is still pursing this frivolous argument.

Moreover, even assuming *arguendo*, that the EDRP is effective and enforceable, Credit Suisse's EDRP provides that a registered representative

> shall be subject to the arbitration provisions of the Program with regard to an Employment-Related Claim asserted by him or her <u>except to the extent he or she is legally required to arbitrate such Employment-Related Clam pursuant to particular rules or in a particular forum (for example, pursuant to the rules of or at a stock exchange of the National Association of Securities Dealers)</u> to the exclusion of all other rules and forums. (emphasis added)

Based on the clear rules of FINRA, specifically, Rule 13200 of the Code of Arbitration Procedure (Paduano Aff., <u>Exhibit 1</u>), and the Form U4 all representatives are required to sign (Sullivan Decl., <u>Exhibit 1</u>), these employment- related claims are required to be arbitrated before FINRA. Moreover, Credit Suisse's own interpretation of its EDRP as discussed below further establishes that the parties are required to arbitrate these claims before FINRA.

2.  <u>Credit Suisse Is Estopped To Argue That JAMS Arbitration Is Required</u>

In a case nearly identical to the instant one, in direct contrast to the position it currently takes, Credit Suisse argued that pursuant to its own internal EDRP applicable to all Credit Suisse employees, the former employee's claims must be arbitrated before the NASD (now FINRA) and in no other forum. In unequivocal

terms, Credit Suisse stated that "CSFB's contention in this motion that arbitration of employment related disputes must be conducted before the NASD is not an argument. It is a fact accepted by state and federal courts." Paduano Aff., <u>Exhibit 14</u>. *See also* <u>Scher v. Equitable Life Ins. Society</u>, 866 F. Supp. 776, 777 (S.D.N.Y. 1994) (Batts, J.)

In <u>Credit Suisse First Boston Corp. v. Grunwald</u>, Case No. C02-2051 SBA (N.D. Cal. 2002), Credit Suisse argued that its EDRP "makes clear that it is not intended to and does not in fact affect the mandatory arbitration rules of the NASD . . ." Paduano Aff., <u>Exhibit 11</u>. Credit Suisse stated that since the former employee did not allege any statutory discrimination claims, which would not be subject to mandatory FINRA arbitration, "the Program, the NASD rules and the Form U-4 executed by Grunwald <u>all</u> mandate NASD arbitration of his claims." Paduano Aff., <u>Exhibit 11</u>. Credit Suisse continued: "Pursuant to the NASD Code and Defendant's Form U-4 Agreement with CSFB, arbitration of the claims set forth in Defendant's AAA Demand for Arbitration must be heard by the NASD." Paduano Aff., <u>Exhibit 11</u>. As Credit Suisse clearly stated, nothing in its EDRP "was intended to or did alter or amend the provisions of Defendant's U-4 or the NASD Code itself, requiring that arbitration of his employment claims commenced in the NASD."

Based on identical facts, Credit Suisse now seeks to argue the other side of coin -- that its EDRP trumps Mr. Sullivan's Form U4 and the FINRA rules. This is unconscionable. Indeed, in the <u>Grunwald</u> case, Credit Suisse characterized the defendant's argument that pursuant to the EDRP his employment-related claims

could be filed anywhere other than FINRA as "both ill advised <u>and</u> made in bad faith." Paduano Aff., <u>Exhibit 12</u>.

Under New York law, Credit Suisse is judicially estopped from arguing the position it now seeks to assert.  The equitable doctrine of judicial estoppel provides that where a party assumes a certain position in a legal proceeding (as Credit Suisse did in <u>Grunwald</u>), it may not, simply because its interests have changed, assume a contrary position in another litigation (as Credit Suisse seeks to do here). *See* <u>In re Adelphia Comm. Corp.</u>, 367 B.R. 84, 91 (S.D.N.Y. 2007) (Scheindlin, J.); <u>Debary v. Harrah's Operating Co.</u>, 465 F. Supp. 2d 250 (S.D.N.Y. 2006) (McMahon, J.).  "Also called preclusion against inconsistent positions, judicial estoppel prevents a party from asserting the opposite of position he took in a prior lawsuit in order to gain some advantage in a subsequent action." <u>Jasper v. Sony Music Entertainment, Inc.</u>, 378 F. Supp. 2d 334, 343 (S.D.N.Y. 2005) (McMahon, J.).

Therefore, based on well-established case law, Credit Suisse is estopped from attempting to force Mr. Sullivan to arbitrate his employment-related claims in JAMS arbitration in lieu of FINRA arbitration.  Credit Suisse previously argued and acknowledged that its EDRP does not alter FINRA's rules of mandatory arbitration.  Mr. Sullivan, who works and resides in the San Francisco area, should not be required to arbitrate in New York, before arbitrators who may know nothing about the securities industry.  FINRA arbitration in San Francisco is required.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Petitioner's motion for injunctive relief in all respects.

Dated: New York, New York
October 17, 2007

                              PADUANO & WEINTRAUB LLP

                              By: _____
                                  Anthony Paduano (AP-8400)
                                  Joseph E. Gasperetti (JG-2120)
                              1251 Avenue of the Americas
                              Ninth Floor
                              New York, New York 10020
                              (212) 785-9100

                              Attorneys for Respondent
                              John L. Sullivan II