# NASD Notice to Members 02-07

**INFORMATIONAL**

## Interfering With Customer Account Transfers

NASD Regulation Adopts Interpretive Material Prohibiting Interference With The Transfer Of Customer Accounts In The Context Of Employment Disputes

**Implementation Date: February 11, 2002**

**SUGGESTED ROUTING**

*The Suggested Routing function is meant to aid the reader of this document. Each NASD member firm should consider the appropriate distribution in the context of its own organizational structure.*

- Executive Representatives
- Legal & Compliance
- Registered Representatives
- Senior Management
- Training

**KEY TOPIC**

- Account Transfers
- Employment Disputes
- Injunctions

### Executive Summary

NASD Regulation, Inc. (NASD Regulation℠) has adopted Interpretive Material 2110-7, which provides that it is inconsistent with just and equitable principles of trade for a member or person associated with a member to interfere with a customer's request to transfer his or her account in connection with the change in employment of the customer's registered representative, provided that the account is not subject to any lien for monies owed by the customer or other bona fide claim.

The Interpretive Material was filed with the Securities and Exchange Commission (SEC) on December 21, 2001.[1] Pursuant to Section 19(b)(3)(A) of the Securities Exchange Act of 1934 and SEC Rule 19b-4(f)(1) thereunder, the Interpretive Material became immediately effective upon filing. The NASD will implement IM-2110-7 beginning on February 11, 2002.

Included with this *Notice* is Attachment A, the text of the new Interpretive Material.

### Questions/Further Information

Questions regarding this *Notice* may be directed to Sarah J. Williams, Assistant General Counsel, Office of General Counsel, NASD Regulation, at (202) 728-8083.

### Discussion

As a condition of employment, certain members require their registered representatives to sign employment contracts in which each registered representative agrees that when he or she leaves the firm, he or she will not take, copy, or share with others any firm records. In addition, the registered representative may agree that, for a certain period of time following his or her departure from the firm, he or she will not solicit the firm's customers for business. Nonetheless, when a registered representative leaves his or her firm for a position at a different firm, clients serviced by the registered representative may decide to continue their relationship with the registered representative by transferring their accounts to the registered representative's new firm. The registered representative's former firm, concerned that its former employee may have breached his or her employment contract by sharing client information with the new firm, or soliciting clients to transfer their accounts to the new firm, sometimes seeks a court order to prevent the transfer of accounts.[2]

In some cases, courts have granted the former firm's request for relief, and have ordered the registered representative's new employer to reject customer account transfers received from the registered representative's former firm. Some courts also have ordered the registered representative's new firm to send letters to customers who may have been solicited in breach of an employment agreement stating that the firm is prohibited by a court order from having contact with that customer.

In *NASD Notice to Members 79-7* (February 13, 1979), the NASD alerted its members that the SEC had issued a notice to broker/dealers stating that unnecessary delays in transferring customer accounts, including delays accompanied by attempts to persuade customers not to transfer their accounts, are inconsistent with just and equitable principles of trade. NASD Regulation believes that obtaining court

## NASD Notice to Members 02-07

orders to prevent customers from following a registered representative to a different firm is similar to the unfair practice of delaying transfers that the SEC warned of in its notice.

To address this concern, NASD Regulation has adopted Interpretive Material 2110-7, which provides that it is inconsistent with just and equitable principles of trade for a member or person associated with a member to interfere with a customer's request to transfer his or her account in connection with the change in employment of the customer's registered representative, provided that the account is not subject to any lien for monies owed by the customer or other bona fide claim. Prohibited interference includes, but is not limited to, seeking a judicial order or decree that would bar or restrict the submission, delivery, or acceptance of a written request from a customer to transfer his or her account.

The Interpretive Material does not affect the operation of Rule 11870 (governing customer account transfers), nor does it affect the ability of member firms to use employment agreements to prevent former representatives from soliciting firm customers. Members are not prevented from pursuing other remedies they may have arising from employment disputes with former registered representatives. The Interpretive Material is limited to restricting a member from interfering with a customer's right to transfer his or her account, once the customer has asked the firm to move the account.

### Endnotes

1. See Securities Exchange Act Release No. 45239 (January 4, 2002) (File No. SR-NASD-2001-95).

2. NASD Code of Arbitration Procedure Rule 10335 permits the parties to arbitration disputes to seek temporary injunctive relief. Proposed amendments to Rule 10335 are currently pending with the SEC. The proposed Interpretive Material would not conflict with or affect the operation of Rule 10335 (i.e., the procedure by which temporary injunctive relief may be obtained in intra-industry arbitration disputes).

© 2002 National Association of Securities Dealers, Inc. (NASD). All rights reserved. Notices to Members attempt to present information to readers in a format that is easily understandable. However, please be aware that, in case of any misunderstanding, the rule language prevails.

# NASD Notice to Members 02-07

# ATTACHMENT A

### IM 2110-7. Interfering With the Transfer of Customer Accounts in the Context of Employment Disputes

It shall be inconsistent with just and equitable principles of trade for a member or person associated with a member to interfere with a customer's request to transfer his or her account in connection with the change in employment of the customer's registered representative, provided that the account is not subject to any lien for monies owed by the customer or other bona fide claim. Prohibited interference includes, but is not limited to, seeking a judicial order or decree that would bar or restrict the submission, delivery or acceptance of a written request from a customer to transfer his or her account. Nothing in this interpretation shall affect the operation of Rule 11870.