## NASD Notice to Members 01-36—Request For Comment

ACTION REQUESTED
BY JULY 6, 2001

# Interfering With Customer Account Transfers - Proposed Interpretive Material

NASD Regulation, Inc. Requests Comment On Proposed Interpretive Material IM-2110-7 Regarding Actions That Interfere With The Transfer Of Customer Accounts; **Comment Period Expires July 6, 2001**

### SUGGESTED ROUTING

*The Suggested Routing function is meant to aid the reader of this document. Each NASD member firm should consider the appropriate distribution in the context of its own organizational structure.*

- Executive Representatives
- Legal & Compliance
- Registered Representatives
- Senior Management
- Training

### KEY TOPICS

- Account Transfers
- Employment Disputes
- Injunctions

## Executive Summary

NASD Regulation, Inc. (NASD Regulation) is requesting comment from members, associated persons, investors, and other interested parties on a proposal to adopt Interpretive Material related to Rule 2110, which would provide that it is inconsistent with just and equitable principles of trade for a member or person associated with a member to take any action that interferes with the ability of a customer to transfer his or her account. The proposed Interpretive Material would not prohibit a firm from seeking to enforce employment agreements with their former representatives. Nor would it affect the operation of National Association of Securities Dealers, Inc. (NASD®) rules governing account transfers, and therefore would not, for example, restrict the ability of a member to reject or delay an account transfer pursuant to Rule 11870 when the transfer request is inadequate to identify the account to be transferred.

NASD Regulation is aware that some members are seeking court orders that have the effect of preventing customers from transferring their accounts to follow a registered representative to his or her new employer. NASD Regulation believes that, as a matter of policy, customers should have the freedom to choose the registered representatives and firms that service their brokerage accounts. Further, NASD Regulation is concerned that customers whose account transfer requests have been delayed in this manner could be deprived of brokerage services and access to their accounts while their registered representative and his or her former firm attempt to resolve an employment dispute.

Included with this *Notice* are Attachment A (the text of the proposed Interpretive Material) and Attachment B (a checklist that may supplement or be used in place of written comments).

## Request For Comment

NASD Regulation solicits comment on the proposed Interpretive Material. In addition, NASD Regulation invites comment on the following specific topics: (1) situations, aside from those described in this *Notice*, in which members and registered representatives should be prohibited from taking actions that stop a customer from transferring his or her account to another firm; (2) exceptions that should apply to the proposed Interpretive Material; and (3) changes to the language or scope of the proposed Interpretive Material. For your convenience, we have provided a checklist (see Attachment B) that offers a convenient method to participate in the comment process concerning this proposed Interpretive Material.

Comments must be received by July 6, 2001. Members and interested persons can submit their comments using the following methods:

- mailing in the checklist (Attachment B)
- mailing in written comments
- e-mailing written comments to *pubcom@nasd.com*
- submitting comments online at the NASDR Web Site (*www.nasdr.com*)

If you decide to submit comments using both the checklist and one of the other methods listed above, please indicate that in your submissions.

# NASD Notice to Members 01-36—Request For Comment

The checklist and/or written comments should be mailed to:

Barbara Z. Sweeney
Office of the Corporate Secretary
NASD Regulation, Inc.
1735 K Street, NW
Washington, DC 20006-1500

The only comments that will be considered are those submitted in writing, either via e-mail or regular mail, or those submitted online through the NASDR Web Site.

## Questions/Further Information

Questions regarding this Notice may be directed to Sarah J. Williams, Assistant General Counsel, Office of General Counsel, NASD Regulation, Inc., at (202) 728-8083.

## Discussion

As a condition of employment, certain members require their registered representatives to sign employment contracts in which each registered representative agrees that when he or she leaves the firm, he or she will not take, copy, or share with others any firm records. In addition, the registered representative may agree that, for a certain period of time following his or her departure from the firm, he or she will not solicit the firm's customers for business. Nonetheless, when a registered representative leaves his or her firm for a position at a different firm, clients serviced by the registered representative may decide to continue their relationship with the registered representative by transferring their accounts to the registered representative's new firm. The registered representative's former firm, concerned that its former employee may have breached his or her employment contract by

sharing client information with the new employer, or soliciting clients to transfer their accounts to the registered representative's new firm, sometimes seeks a temporary restraining order in court to prevent the transfer of accounts to the registered representative's new firm.[1]

In some cases, courts have granted the former firm's request for relief, and have ordered the registered representative's new employer to reject customer account transfers received from the registered representative's former firm. Some courts also have ordered the registered representative's new firm to send letters to customers that may have been solicited in breach of an employment agreement stating that the firm is prohibited by a court order from having contact with that customer.

NASD Regulation believes that, as a matter of policy, customers should have the freedom to choose the registered representatives and firms that service their brokerage accounts. NASD Regulation also is concerned that customers whose account transfer requests have been delayed in this manner could be deprived of brokerage services and access to their accounts while their registered representative and his or her former firm attempt to resolve an employment dispute.

In NASD Notice to Members 79-7 (February 13, 1979), the NASD alerted its members that the Securities and Exchange Commission (SEC) had issued a notice to broker/dealers stating that unnecessary delays in transferring customer accounts, including delays accompanied by attempts to persuade customers not to transfer their accounts, are inconsistent with just and

equitable principles of trade. NASD Regulation believes that obtaining temporary restraining orders to prevent customers from following a registered representative to a different firm may be similar to the unfair practice of delaying transfers that the SEC warned of in its notice.

To address this concern, NASD Regulation is seeking comment on a proposal to adopt Interpretive Material 2110-7 which would state that it is inconsistent with just and equitable principles of trade for a member to take any action, directly or indirectly, that interferes with a customer's right to transfer his or her account. The proposed Interpretive Material would not affect the operation of Rule 11870 (governing customer account transfers). Members would continue to have the ability to delay or take exception to account transfers in situations where, for example, the account contains nontransferable assets or the transfer request provides information that is inadequate to identify the account to be transferred.[2] NASD Regulation seeks comment concerning whether any exceptions should be referenced in the proposed Interpretive Material. NASD Regulation also invites comment on whether, in addition to efforts to impede account transfers by obtaining temporary restraining orders, there are other situations or practices that unfairly delay or prevent customers from transferring accounts that should be reflected in the proposed Interpretive Material.

In evaluating the proposal, members and other interested persons should bear in mind that the proposed Interpretive Material would not restrict the ability of member firms to use employment agreements to prevent former

## NASD Notice to Members 01-36—Request For Comment

representatives from soliciting firm customers. Similarly, the proposal would not prevent a firm from enforcing employment agreements with former representatives. For example, a member could seek an injunction against a former registered representative and/or his or her new firm to prohibit solicitation of the member's customers if the registered representative had signed an employment contract agreeing not to solicit those customers. The proposed Interpretive Material is limited to restricting a member from interfering with a customer's right to transfer his or her account, once the customer has decided to move the account.

### Endnotes

1   NASD Code of Arbitration Procedure Rule 10335 permits the parties to arbitration disputes to seek temporary injunctive relief. Proposed amendments to Rule 10335 are currently pending before the SEC. The proposed Interpretive Material would not conflict with or affect the operation of Rule 10335 (i.e., the procedure by which temporary injunctive relief may be obtained in intra-industry arbitration disputes), but rather would address the substantive problem of customer harm resulting from firms obtaining temporary injunctive relief that prevents customers from transferring their accounts.

2   At its April 2001 meeting, the Board of Directors of NASD Regulation authorized the staff to submit to the SEC a proposed amendment to Rule 11870 that is intended to facilitate the transfer of customer accounts that contain third party proprietary products. The proposed amendment would allow a firm receiving a customer account from another firm to assess whether the account contains assets that the receiving firm is unable to support, and to inform the customer of his or her available options concerning those assets.

© 2001, National Association of Securities Dealers, Inc. (NASD). All rights reserved. Notices to Members attempt to present information to readers in a format that is easily understandable. However, please be aware that, in case of any misunderstanding, the rule language prevails.

## NASD Notice to Members 01-36—Request For Comment

## ATTACHMENT A

### IM-2110-7. Interfering With the Transfer of Customer Accounts

It shall be inconsistent with just and equitable principles of trade for a member or person associated with a member to take any action that, directly or indirectly, interferes with a customer's ability to transfer his or her account, including seeking a judicial order or decree that would bar or restrict the submission, delivery or acceptance of a written request from a customer to transfer his or her account.  Nothing in this interpretation shall affect the operation of Rule 11870.

## NASD Notice to Members 01-36—Request For Comment

## ATTACHMENT B

### Request For Comment Checklist

We have provided below a checklist that members and other interested parties may use in addition to or in lieu of written comments. This checklist is intended to offer a convenient way to participate in the comment process, but does not cover all aspects of the proposal described in the *Notice*. We therefore encourage members and other interested parties to review the entire *Notice* and provide written comments, as necessary.

### Instructions

Comments must be received by July 6, 2001. Members and interested parties can submit their comments using the following methods:

- mailing in this checklist
- e-mailing written comments to pubcom@nasd.com
- mailing in written comments
- submitting comments online at the NASDR Web Site (*www.nasdr.com*)

The checklist and/or written comments should be mailed to:

*Barbara Z. Sweeney*
*Office of the Corporate Secretary*
*NASD Regulation, Inc.*
*1735 K Street, NW*
*Washington, DC 20006-1500*

### Interfering With Customer Account Transfers—Proposed Interpretive Material

1. Should members be prohibited from taking actions that stop a customer from transferring his or her account to another firm after the customer has decided to move the account?

   ☐ Yes  ☐ No  ☐ See my attached written comments

2. Are there regulatory approaches, either in addition to or in lieu of the proposed Interpretive Material, that would accomplish the purposes of the proposal?

   ☐ Yes  ☐ No  ☐ See my attached written comments

3. Are there situations where a member should be allowed to take actions to stop a customer from moving his or her account?

   ☐ Yes  ☐ No  ☐ See my attached written comments

4. Are there situations beyond those described in the proposed Interpretive Material (i.e., seeking temporary restraining orders as part of an employment dispute) where a member should be prohibited from taking actions to stop, impede, or delay a customer from moving his or her account?

   ☐ Yes  ☐ No  ☐ See my attached written comments

5. Are changes needed to the language of the proposed Interpretive Material (see Attachment A to *Notice*) to make it easier to understand?

   ☐ Yes  ☐ No  ☐ See my attached written comments

# NASD Notice to Members 01-36—Request For Comment

6. Are changes needed to the language of the proposed Interpretive Material (see Attachment A to *Notice*) to broaden its applicability?

❑ Yes   ❑ No   ❑ See my attached written comments

7. Are changes needed to the language of the proposed Interpretive Material (see Attachment A to *Notice*) to narrow its applicability?

❑ Yes   ❑ No   ❑ See my attached written comments

Contact Information

Name: _____

Firm: _____

Address: _____

City/State/Zip: _____

Phone: _____

E-Mail: _____

Are you:

❑ An NASD Member

❑ An Investor

❑ A Registered Representative

❑ Other: _____