

# CREDIT SUISSE

## EMPLOYMENT DISPUTE RESOLUTION PROGRAM (UNITED STATES)
### (as amended as of October 9, 2002)

### The Program

The Credit Suisse Employment Dispute Resolution Program (the „Program") is a three-step program of dispute resolution procedures. It is designed to provide employees located in the United States with an opportunity to resolve employment-related claims in a speedy, cost-effective, and confidential manner.

The three steps of the Program are an internal grievance procedure; mediation with a neutral third party; and final and binding arbitration before a neutral third party. These procedures are, and since January 1, 1998, have been, the only means by which Credit Suisse employees located in the United States are able to seek resolution of employment-related claims of the type covered by the Program. They may not sue in court as to these claims.

Credit Suisse is also required to bring any claims it may have against employees located in the U.S. under the Program if the claims are of the type covered by the Program.

As used herein, "Credit Suisse" means the Credit Suisse Business Unit, including each of its past, present, and future legal entities, and its and their past, present and future directors, officers, and employees, in both their personal and their institutional capacities, and "employee" refers to both former employees and current employees and to applicants for employment.

### The Types of Claims That Are Covered

All present and future claims against Credit Suisse by an employee, and all present and future claims against an employee by Credit Suisse, are covered by the Program if: (i) they relate to or arise from the employee's application for employment, employment, or termination (including manner of termination) of employment, or from events occurring after termination but relating to one of the foregoing, and (ii) they assert the violation or infringement of a legally protected right. Claims covered by the Program include, without limitation:

- All employment-related claims under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1866, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Equal Pay Act, the Americans with Disabilities Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Rehabilitation Act of 1973, the Family and Medical Leave Act, the Workers Adjustment and Retraining Notification Act, or any other federal, state, or local statute, ordinance, regulation, or common law rule or decision regarding employment discrimination, civil rights, human rights, whistleblower/public policy protection, conditions of employment, or termination (including manner or notice of termination) of employment, as the foregoing may from time to time be amended. State and local laws that are covered by the foregoing references include, without limitation, the laws of

  New York, California, Illinois, Texas, Florida, Georgia, Massachusetts, Maryland, New Jersey, Pennsylvania, and Washington, D.C. and any other state or any locality where Credit Suisse has, had, or may at any time have an office; and

- All claims of breach of a contract entered into or alleged to have been entered into in connection with an employee's employment, all claims asserted under the Credit Suisse Group International Share Plan or any other equity or deferred compensation plan or any employee investment plan, and all employment-related claims for indemnification.

The only types of employment-related claims that are <u>not</u> covered by the Program are:

- Claims arising under the National Labor Relations Act, claims for workers' compensation, and claims for unemployment benefits. These will continue to be handled in accordance with applicable law.

- Claims for injunctive relief, including, without limitation, claims for injunctive relief brought in connection with allegations of unfair competition or the improper use of trade secrets or confidential or proprietary information, and claims to enforce the terms of an agreement or covenant relating to non-competition, non-solicitation, nondisclosure, or confidentiality, whether brought by an employee or by Credit Suisse. Employees and Credit Suisse will be able to assert such claims for injunctive relief in court to the extent necessary to determine whether such relief should be granted. No judicial proceeding initiated by a party in respect of an employment-related dispute in accordance with this paragraph shall be deemed a waiver of or incompatible with such party's right and obligation to seek final resolution of the subject matter of such dispute pursuant to the mediation and arbitration provisions of the Program.

Claims of the type covered by the Program, as described above, are hereafter referred to as "<u>Employment-Related Claims</u>."

**Other Important Information**

- Credit Suisse personnel are specifically prohibited from taking any retaliatory action against an employee who has sought to use the Program. Violations of this rule will be treated with the utmost seriousness. Any employee who believes that he or she has been retaliated against for using the Program should immediately notify the Human Resources Department or the Legal and Compliance Department.

- Adoption of the Program and an employee's use of the Program will not affect an employee's status as an at-will employee, and will not limit Credit Suisse's ability to take disciplinary or other personnel action against the employee. If an employee believes he or she has an Employment-Related Claim against Credit Suisse as a result of its taking any such action, the employee may institute proceedings under the Program, but may not sue in court.

- Credit Suisse reserves the right to amend or repeal the Program at any time, upon notice. No such amendment or repeal will affect the applicability of the Program to Employment-Related Claims that arose before the effective date of the amendment or repeal.

- Establishment of the Program does not affect an employee's right to pursue, in accordance with applicable law, any administrative agency process that may be available to the employee.

2

- An employee who is (or is required to be) a registered representative shall be subject to the arbitration provisions of the Program with regard to an Employment-Related Claim asserted by him or her except to the extent he or she is legally required to arbitrate such Employment-Related Claim pursuant to particular rules or in a particular forum (for example, pursuant to the rules of or at a stock exchange or the National Association of Securities Dealers) to the exclusion of all other rules and forums. If such a requirement applies, it will take precedence over the arbitration procedure described in Step Three of the Program. Registered representatives will in all events be subject to the Program requirements regarding the internal grievance procedure (Step One) and mediation (Step Two), including the requirement that they seek resolution of Employment-Related Claims pursuant to those procedures, in accordance with the Program, before proceeding to arbitration. An employee who is not (and is not required to be) a registered representative shall be subject to all provisions of the Program with regard to an Employment-Related Claim asserted by him or her, including the requirements that an arbitrator be selected, and the arbitration of an Employment-Related Claim be conducted, through the auspices of and in accordance with the rules and procedures of identified service providers. Such an employee shall not be permitted to use any other forum, including that of a stock exchange or the National Association of Securities Dealers, for the arbitration of an Employment-Related Claim.

- If any provision of the Program is for any reason found by any court to be invalid or unenforceable, such judgment shall not affect, impair, or invalidate the remaining provisions of the Program, but shall be confined and limited to the provision of the Program directly involved in the controversy in which such judgment was rendered.

- Credit Suisse is committed to the principles of alternative dispute resolution set forth in the Program and to the early resolution of employment disputes. In individual circumstances, it may deviate from the Program's provisions and procedures in order to promote these principles and benefit employees. Credit Suisse's doing so shall not constitute or be construed as a waiver by Credit Suisse of its right to require adherence to the Program's provisions or of the enforceability of the Program.

### The Three Steps

Step One of the Program is the internal grievance procedure. Step Two is mediation before a neutral third party. Step Three is final and binding arbitration before a neutral third party. The three steps must be taken in sequence. The procedures an employee must follow to initiate each of the three steps and the manner in which proceedings pursuant to each step are be conducted are explained below.

### Step One - Internal Grievance Procedure

If an employee believes he or she may have an Employment-Related Claim against Credit Suisse, the employee should first, and as promptly as possible, bring the problem to the attention of an appropriate person at Credit Suisse. Generally an employee's supervisor will be in the best position to understand and resolve a problem because he or she is most likely to be familiar with the employee's working situation and to know the other personnel in the employee's department. The first person an employee speaks to should therefore usually be his or her supervisor. If an employee does not feel comfortable speaking to his or her supervisor (because, for example, he or she believes the supervisor is part of the problem), he or she should take the issue to the supervisor's supervisor or to another appropriate person above the supervisor in the department's

3

chain of command. Instead of directly approaching a supervisor, an employee may also, at any point in the process, contact his or her Human Resources representative to discuss the issue. Supervisors with whom issues are raised should contact their Human Resources representatives for assistance in resolving such issues.

If Credit Suisse believes it has an Employment-Related Claim against an employee, it will bring the issue to the attention of the employee and seek to resolve the claim through discussions with the employee or his or her representative before proceeding to Step Two of the Program.

As a matter of Credit Suisse policy, all employment-related issues that are raised in connection with the foregoing dispute resolution procedure are to be handled confidentially to the extent reasonably practicable under the circumstances. Often the matter can be dealt with by a supervisor without his or her bringing anyone else (other than, in appropriate cases, a member of the Human Resources Department) into the discussions. At other times it may be necessary that another manager or other employees be consulted in order to resolve the matter. All supervisors, managers, and other employees are specifically prohibited from taking any retaliatory action against an employee who has raised an Employment-Related Claim and sought to utilize the foregoing procedure or any of the other dispute resolution procedures set out in the Program. Step One of the Program may be used not only in connection with Employment-Related Claims but also in connection with any other employment-related grievances an employee may have.

### *Step Two - External Mediation*

If an employee or Credit Suisse raised an Employment-Related Claim through the Step One internal grievance procedure and believes the dispute was not satisfactorily resolved through that procedure, he or she or it may elect to proceed to Step Two. Step Two consists of the mediation of an Employment-Related Claim by a neutral third party. To elect to proceed to mediation, an employee or Credit Suisse must make a request for mediation in the manner described below. Each may also request mediation of an Employment-Related Claim asserted by the other. An employee or Credit Suisse may request mediation only in respect of an„ Employment Related Claim,„ as that term is defined above.

<u>What Mediation Is</u>

In mediation, the parties (and, if they so choose, their attorneys) meet in a confidential setting with a neutral third party, the mediator. The mediator encourages the parties to discuss their differences and assists them in developing a resolution that is satisfactory to each of them. If the parties are able to resolve their dispute through the mediation process, they typically set forth the terms of their agreement in a legally binding writing.

Mediation is widely considered a much more effective and appropriate means than litigation for resolving employment-related disputes. The proceedings are private, confidential, and flexible. If the dispute is resolved, the resolution is not one that was imposed on the parties but rather is one both parties played a part in designing and to which they both agreed. Often the parties are able to resume an amicable relationship after the resolution is achieved.

<u>Conduct of Mediation</u>

All mediations pursuant to the Program will be conducted by a single mediator supplied by JAMS, an independent provider of dispute resolution services. The mediator will be experienced in resolving disputes involving employment issues.

<u>Making a Request for Mediation</u>

To make a request for mediation of an Employment-Related Claim under the Program, an employee or Credit Suisse, as the case may be, must submit a written request to the other (to the attention of the employee's Human Resources representative in the case of a request made by an employee) and to JAMS and pay a filing fee of $150 to JAMS. Employees may obtain a copy of the request form from the Human Resources Department.

<u>Time Period for Making Request</u>

A request for mediation under the Program must be filed within six months of the time that the complained of action or actions took place, or during such longer period as is allowed by any statute of limitations applicable to the Employment-Related Claim in question. If an employee or Credit Suisse does not file a request for mediation within the required period, he or she or it will forfeit any further right to make use of the Program and will be foreclosed from bringing an action in any court on the Employment-Related Claim.

### *Step Three - Final, Binding Arbitration*

It is Credit Suisse's expectation that most Employment-Related Claims will be resolved through Step One or Step Two. If, however, an employee or Credit Suisse has made an effort to resolve such a claim through mediation in accordance with Step Two but the mediation proceedings did not result in a resolution, he or she or it may proceed to Step Three, final and binding arbitration. To elect to proceed to arbitration, the employee or Credit Suisse must make a request for arbitration in the manner described below. Final, binding arbitration will be an employee's and Credit Suisse's exclusive remedy for resolving an Employment-Related Claim that was mediated unsuccessfully. Both the employee and Credit Suisse will be bound by any decision rendered by an arbitrator pursuant to Step Three, whether in respect of a claim asserted by an employee or in respect of a claim asserted by Credit Suisse, subject to the right to seek judicial review of the decision in accordance with applicable law.

<u>What Final, Binding Arbitration Is</u>

Final, binding arbitration is a process in which a dispute is presented to a neutral third party, the arbitrator, for a final and binding decision. The arbitrator renders a decision after considering the evidence and arguments presented by both parties.

Arbitration is less formal than a court trial and generally is quicker. It is, however, an orderly proceeding, governed by rules of procedure and legal standards of conduct. Each party has the right to at least a minimum amount of discovery, to present his or her proof, through testimony and documentary evidence, and to cross-examine the other party's witnesses. The arbitrator's decision is legally enforceable. In other words, the party to whom relief is granted may, if the other party does not comply with the terms of the award, sue in court to enforce the award.

<u>Conduct of Arbitration</u>

All arbitrations under the Program will be conducted by a single arbitrator supplied by JAMS, the American Arbitration Association, or the Center for Public Resources (CPR) Institute for Dispute Resolution ( <u>Service Providers.</u>). The arbitrator will be selected, and the arbitration proceeding will be conducted, in accordance with the rules and procedures of such Service Provider applicable to the arbitration of employment disputes (the, <u>Employment Arbitration Rules,</u> of such entity), as such rules and procedures are then in effect. JAMS, the American Arbitration Association, and CPR Institute for Dispute Resolution are all independent, experienced providers of arbitration services. The party that first requests an arbitration will choose which of the three Service Providers will be

5

used for the proceeding. Copies of the three Service Providers' current Employment Arbitration Rules are available from the Human Resources Department.

Making a Request for Arbitration

To make a request for arbitration of an Employment-Related Claim under the Program, an employee or Credit Suisse, as the case may be, must submit a written request to the other (to the attention of the employee's Human Resources representative in the case of a request made by an employee) and to the Service Provider he or she or it has selected. No filing fee in addition to the filing fee of $150 payment of which was required in order to initiate the mediation of such claim under the Program is required to be paid to commence an arbitration. Employees may obtain a copy of the request form from the Human Resources Department.

Time Period for Making Request

A request for arbitration under the Program must be filed within six months of the time that the complained of action or actions took place, or during such longer period as is allowed by any statute of limitations applicable to the Employment-Related Claim in question. The time that elapses from when a request for mediation is filed pursuant to Step Two of the Program until two weeks after the employee gives Credit Suisse written notice, or Credit Suisse gives the employee written notice, that, in such party's view, the mediation proceedings are not likely to result in a resolution will not be counted in calculating the time remaining in the applicable period. If an employee or Credit Suisse does not file his or her or its request for arbitration within the required period, he or she or it will forfeit any further right to make use of the Program and will be foreclosed from bringing an action in any court with respect to the Employment-Related Claim.

## *Additional Mediation and Arbitration Rules and Procedures*

The following additional rules and procedures will apply to any mediation or arbitration under the Program, whether initiated by an employee or by Credit Suisse:

1.  Representation by Counsel. An employee as well as Credit Suisse will have the right to be represented by counsel. Each will be responsible for paying the fees and disbursements of his or her or its own counsel, unless otherwise directed by an arbitrator pursuant to his or her authority referred to in paragraph 6 below.

2.  The Mediator or Arbitrator. The mediator or arbitrator will be experienced in employment law and will be neutral and impartial. Any mediator or arbitrator will be selected by agreement of the employee and Credit Suisse from a panel provided by the mediation or arbitration service. If the employee and Credit Suisse cannot agree on a mediator or arbitrator, the service provider will make the selection in accordance with its procedures as then in effect.

3.  Expenses. There will be various expenses associated with a mediation or arbitration, such as the mediator's or arbitrator's daily fees and travel expenses. In the case of a proceeding under the Program initiated by an employee, the employee will, as noted above, be responsible for an initial filing fee of $150, payable prior to commencement of Step Two (mediation). Credit Suisse will, with the employee's consent, bear all of such expenses of the mediator, or of the arbitrator in any subsequent, related arbitration, that are in excess of the initial filing fee. Each party will be responsible for the fees and disbursements of his or her or its own counsel and the expenses relating to the production of witnesses or other evidence by him or her or it, subject to the authority of the arbitrator set forth in paragraph 6 below.

4. <u>Location of a Mediation or Arbitration</u>. Any mediation or arbitration will be held in the New York City metropolitan area or, at the request of the party initiating the proceeding and with the consent of the other party, in the location of the Credit Suisse office where the employee applied for a position or works or worked when the complained of action or actions took place. If a proceeding initiated by an employee in respect of an Employment-Related Claim asserted by him or her takes place other than in the location of the office where the employee applied for a position or works or worked when the complained of action or actions took place, Credit Suisse will reimburse the reasonable expenses of the employee and any witnesses produced by him or her in an arbitration for their expenses incurred in connection with traveling to the site of the proceeding.

5. <u>Governing Law</u>. The law applied by a mediator or arbitrator will be the laws of the State of New York, without regard for the conflicts of laws principles thereof.

6. <u>Authority of Arbitrator</u>. In the case of an arbitration, the arbitrator's authority will be limited to the resolution of legal disputes between the employee and Credit Suisse. The arbitrator will be bound by and will be required to apply all applicable law, including that relating to the allocation of the burden of proof and remedies (including any award of attorney's fees) for violations of such law, if any, as well as all points of substantive law. He or she will have no authority either to abridge or to enlarge substantive rights available under existing law.

7. <u>Arbitrator's Decision in Writing</u>. The arbitrator will be required to render a written award that identifies the parties, summarizes the issues in controversy, and sets forth the decision of the arbitrator and the factual and legal bases for the decision.