UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                     :

CREDIT SUISSE SECURITIES (USA) LLC,  :   No. 07 Civ. 8556

                        Petitioner,   :

        -against-             :   **DECLARATION OF**

JOHN L. SULLIVAN II,             :   <u>**ALEXANDER C.B. BARNARD**</u>

                        Respondent.  :

------------------------------------------------------------ x

ALEXANDER C.B. BARNARD makes the following declaration, pursuant to 28 U.S.C. § 1746:

    1.    I am an attorney admitted to practice in the State of New York and in this Court, and an in-house attorney employed with Petitioner Credit Suisse Securities (USA) LLC ("Credit Suisse"). I submit this declaration in support of Credit Suisse's emergency motion by order to show cause for injunctive relief pending arbitration against respondent John L. Sullivan II ("Respondent").

    2.    This application is made on an emergency basis because, for the reasons set forth below and in the Declaration of Carey Timbrell and the Memorandum of Law, unless this application is acted upon immediately, this proceeding for injunctive relief, and the underlying arbitration itself, may be rendered moot and ineffectual. The arbitration was commenced on October 3, 2007, by the filing of requests for mediation and arbitration with JAMS. Subsequently, the mediation failed to resolve the matter, largely because Respondent refused to participate. Accordingly, the arbitration is now formally underway.

    3.    Petitioner Credit Suisse seeks a temporary restraining order and preliminary injunction, pending arbitration, (a) compelling Respondent and all those acting in

concert with him, including but not limited to former Credit Suisse employee Anne Dietrich, to return immediately to Credit Suisse all of Credit Suisse's confidential information and trade secrets, and all copies thereof, in whatever form they may now control or possess them; (b) prohibiting Respondent from using or distributing Credit Suisse's confidential information and/or trade secrets in any way; (c) compelling limited expedited discovery in the form of a deposition of Respondent on the issue of what documents and materials were removed from Credit Suisse by him (or at his direction) and what use or distribution of those materials has been made; and (d) granting such other relief as the Court deems appropriate.

4. Under Credit Suisse's proposed order, Respondent's ability to earn a livelihood will not be compromised in any way. By this action, Credit Suisse simply seeks to enforce its basic right to ensure the privacy and confidentiality of its client files and other confidential and proprietary information, and to secure its physical and intellectual property from unlawful conversion by opportunistic former employees. As Credit Suisse's proposed order only requires that Respondent refrain from using materials he has no right to possess in the first place, Respondent cannot possibly be prejudiced by an order preventing his use or distribution of such materials. The requested discovery is similarly limited to provide the minimum possible inconvenience to Respondent in light of his misconduct.

5. The accompanying Memorandum of Law and Declaration of Carey Timbrell explain that Respondent has wrongfully removed and retained confidential information and trade secrets of Credit Suisse, to be used in the solicitation of Credit Suisse clients and otherwise to compete with Credit Suisse, in contravention of his legal and ethical obligations to Credit Suisse.

6. The conduct described in the preceding paragraphs (and other wrongful conduct engaged in by Respondent) gives rise to claims against Respondent that are arbitrable under Credit Suisse's Employment Dispute Resolution Program (the "EDRP").

7. The accompanying pleadings further explain that Respondent's conduct threatens Credit Suisse with irreparable harm stemming from, inter alia, loss of confidential, proprietary and trade secret information, and loss of client goodwill and incalculable associated revenues, among other things.

8. Credit Suisse proceeds by order to show cause here because, during the time necessary to complete the arbitration of Credit Suisse's claims against Respondent, through which Credit Suisse would seek to end Respondent's improper conduct, the threatened irreparable harm is certain to materialize, rendering the arbitration a meaningless exercise. Based on prior experience, the completion of arbitration can be expected to take weeks. Moreover, the prolonged use of Credit Suisse's confidential and trade secret information by Respondent's new employer, its distribution within the new employer and the loss of its use to Credit Suisse, will cause irremediable business harm.

9. In addition, the Federal Arbitration Act (the "FAA"), reflecting the strong federal policy in favor of arbitration, provides that parties are entitled to expedited consideration of applications to enforce arbitration agreements. Credit Suisse respectfully submits that the Court has the power to grant Credit Suisse's motion as an adjunct to its power to compel arbitration under 9 U.S.C. § 4.

10. Credit Suisse has attempted to resolve this issue without seeking the Court's intervention, and has approached counsel for Respondent requesting that any documents wrongfully taken be returned along with an affidavit certifying that Respondent has no further

confidential or proprietary information belonging to Credit Suisse. Despite the overwhelming videotape evidence of wrongdoing described in the papers submitted herewith, Respondent refuses to provide these basic reassurances. As a result, Credit Suisse is forced to seek to Court's assistance here.

11. I provided notice to Respondent's counsel of Credit Suisse's intention to seek an emergency injunction last night by telephone and today via the letter annexed hereto as Exhibit A.

12. Petitioner has made no previous application for the relief specified herein.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 16, 2007.

*/s/ Alexander Barnard*
ALEXANDER C.B. BARNARD

EXHIBIT A

**CREDIT SUISSE**

CREDIT SUISSE SECURITIES (USA) LLC
One Madison Avenue          Tel     1 212 325 2000
New York, NY 10010-3629     www.credit-suisse.com

October 16, 2007

**VIA E-MAIL and FACSIMILE: 212-785-9099**

Anthony Paduano
Paduano & Weintraub
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020

Re:   *Credit Suisse v. Sullivan*, 07-CV-8556

Dear Mr. Paduano:

As you know, in light of your client's conduct surrounding his purported resignation from Credit Suisse and his apparent violations of his contractual obligations and fiduciary duties, Credit Suisse has initiated arbitration in JAMS. Based on recently-obtained evidence, Credit Suisse is now amending its arbitration papers to assert additional claims against your client. We enclose a copy of the amended arbitration papers along with a courtesy copy of the original papers herewith.

Please be advised that Credit Suisse will be filing today a motion by order to show cause for a temporary restraining order and preliminary injunction in aid of the JAMS arbitration in the Southern District of New York. If you wish to be heard in connection with this motion, please contact me.

Very truly yours,

*Alexander Barnard*
Alexander C.B. Barnard

Enclosure

# CREDIT SUISSE
## EMPLOYMENT DISPUTE RESOLUTION PROGRAM

### Request for Mediation

1. Credit Suisse Securities (USA) LLC ( Credit Suisse,) believes that it has an Employment Related Claim, as that term is defined in the Credit Suisse Dispute Resolution Program (the "Program"), against a former employee, John L. Sullivan II.

2. The following is a description of the Employment Related Claim Credit Suisse believes it has against John L. Sullivan II:

   Credit Suisse claims that John L. Sullivan II violated contractual obligations and fiduciary duties in connection with his resignation from Credit Suisse and subsequent conduct.

3. The relief Credit Suisse is seeking is as follows: A mediation by a neutral third party experienced in resolving disputes involving employment issues.

4. By sending a copy of this Request Form to John L. Sullivan II and to JAMS/Endispute (Att'n Nildania Perez, Field Supervisor, 45 Broadway, 28th Floor, New York NY 10006; Tel.: 800-352-5267 or 212-751-2700; Fax: 212-751-4099), Credit Suisse is requesting that its claim against John L. Sullivan II be mediated in accordance with the procedures described in the Program.

5. Credit Suisse's check in the amount of $150 accompanies the copy of this Request Form Credit Suisse is sending to JAMS/Endispute. This amount represents the filing fee payable by Credit Suisse in respect of the mediation it is requesting.

6. The entire mediation process will be confidential. No offers, settlement proposals and confidential statements to the mediator, whether oral or written, made during the mediation by John L. Sullivan II, his representative (if applicable), the Credit Suisse representatives or the mediator (or the mediator's agents, employees, experts and attorneys) will or may be disclosed to third parties or used in arbitration. However, information that would otherwise be usable in an arbitration will remain usable in the arbitration, even if that information has been discussed or shared in the mediation.

_Alexander Barnard_ (Sign Name)

Director and Counsel
Title

Alexander C.B. Barnard
(Print Name)

October 3, 2007
Date of Request

(212) 325-2000
Telephone Number

# Demand for Arbitration Before JAMS

**JAMS**
THE RESOLUTION EXPERTS®

## Instructions for Submittal of Arbitration to JAMS

### Demand for Arbitration Based on Pre-Dispute Provision

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS:

A. Two (2) copies of the **Demand for Arbitration**

B. **Proof of service** of the Demand on the appropriate party
   E.g., copy of certified mail receipt signed by recipient or sworn statement of service by a non-party over 18 years of age.

C. **Two (2) copies of the entire contract containing the arbitration clause**

D. **Initial non-refundable $300.00 Case Management Fee (CMF) per party**
   Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMF's. In lengthier, more complex cases additional Case Management fees may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

### OR

### Arbitration Based on Post-Dispute Fully Executed Arbitration Agreement, Oral Stipulation or Court Order Compelling Arbitration

Whether or not a certain arbitrator has been designated, if the parties have agreed to arbitrate at JAMS or the court has ordered that the parties arbitrate at JAMS, kindly forward the following items to JAMS:

A. Two (2) copies of **Executed Arbitration Agreement OR Court Order appointing arbitrator/JAMS**
   Please contact JAMS to obtain the appropriate form (e.g., Arbitration Agreement)

B. Two (2) copies of the **entire contract, if any, containing an applicable arbitration clause**

C. **Initial non-refundable $300.00 Case Management Fee (CMF) per party**
   Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMF's. In lengthier, more complex cases additional Case Management fees may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

**Please submit to your local JAMS office.**

Once the above items are received, JAMS will contact all parties to commence the arbitration process, including the appointment of an arbitrator and scheduling of a hearing date.

GL590/1949574.1 Updated 1/15/05



# Demand for Arbitration Before JAMS

## TO RESPONDENT: John L. Sullivan II
(Name of the Party on whom Demand for Arbitration is made)

(Address) 29 Lloyden Drive

(City) Atherton     (State) CA     (Zip) 94027
(Telephone)     (Fax)     (E-Mail)

Representative/Attorney (if known):
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)
(Address)

(City)     (State)     (Zip)
(Telephone)     (Fax)     (E-Mail)

## FROM CLAIMANT (Name): Credit Suisse Securities (USA) LLC

(Address) 11 Madison Avenue

(City) New York     (State) New York     (Zip) 10010
(Telephone) (212) 325-2000     (Fax)     (E-Mail)

Representative/Attorney of Claimant (if known): Alexander C.B. Barnard
(Name of the Representative/Attorney for the Party Demanding Arbitration)
(Address) Credit Suisse Securities (USA) LLC

(City) New York     (State) New York     (Zip) 10010
(Telephone) (212) 325-2000     (Fax)     (E-Mail) (see below)

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached): EMAIL: alexander.barnard@credit-suisse.com]. Respondent was an employee of Claimant as of September 27, 2007, when he abruptly purported to resign and began aggressively soliciting Claimant's clients in violation of an agreement under which he promised to provide Claimant with 60 days' notice of his intent to resign and, for an additional 30 days after effective termination, to refrain from competing with Claimant's clients and employees, and for an additional 60 days after effective termination, to

Updated 1/15/05
Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2005 JAMS. All rights reserved.

Case 1:07-cv-08556-JGK   Document 11   Filed 10/19/2007   Page 10 of 15



# Demand for Arbitration Before JAMS

THE RESOLUTION EXPERTS®

refrain from soliciting Claimant's clients and employees. Such conduct is in violation of numerous contractual provisions as well as Respondent's fiduciary duties to Claimant.

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement).

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable): Claimant asserts claims for: breach of contract, breach of fiduciary duty, and interference with contractual relations. Claimant reserves the right to assert additional claims. Claimant seeks injunctive relief and damages.

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.

## Request for Hearing

JAMS is requested to set this matter for hearing at:

New York, New York

_____
(Preferred Hearing Location)

GL590/1949574.1

- 3 -



# Demand for Arbitration Before JAMS

THE RESOLUTION EXPERTS®

Signed (Claimant): _Alexander Barnard_ Date: October 3, 2007
(may be signed by an attorney)

Print Name: Alexander C.B. Barnard

Please include a check payable to JAMS for the required initial, non-refundable $300.00 per party deposit to be applied toward your case management fee and submit to your local JAMS office.



# Demand for Arbitration Before JAMS

## Instructions for Submittal of Arbitration to JAMS

**Demand for Arbitration Based on Pre-Dispute Provision**

If you wish to proceed with an arbitration by executing and serving a Demand for Arbitration on the appropriate party, please submit the following items to JAMS:

A. Two (2) copies of the **Demand for Arbitration**

B. **Proof of service** of the Demand on the appropriate party
   E.g., copy of certified mail receipt signed by recipient or sworn statement of service by a non-party over 18 years of age.

C. **Two (2) copies of the entire contract containing the arbitration clause**

D. **Initial non-refundable $300.00 Case Management Fee (CMF) per party**
   Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMF's. In lengthier, more complex cases additional Case Management fees may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

### OR

**Arbitration Based on Post-Dispute Fully Executed Arbitration Agreement, Oral Stipulation or Court Order Compelling Arbitration**

Whether or not a certain arbitrator has been designated, if the parties have agreed to arbitrate at JAMS or the court has ordered that the parties arbitrate at JAMS, kindly forward the following items to JAMS:

A. Two (2) copies of **Executed Arbitration Agreement OR Court Order appointing arbitrator/JAMS**
   Please contact JAMS to obtain the appropriate form (e.g., Arbitration Agreement)

B. Two (2) copies of the **entire contract, if any, containing an applicable arbitration clause**

C. **Initial non-refundable $300.00 Case Management Fee (CMF) per party**
   Each party may submit its own CMF, or to expedite the commencement of the proceedings one party may elect to submit both or all CMF's. In lengthier, more complex cases additional Case Management fees may be billed. For cases involving consumers, see JAMS Policy on Consumer Arbitrations Pursuant to Pre-Dispute Clauses.

**Please submit to your local JAMS office.**

Once the above items are received, JAMS will contact all parties to commence the arbitration process, including the appointment of an arbitrator and scheduling of a hearing date.

Resolution Centers Nationwide • 1.800.352.5267 • www.jamsadr.com
(c) copyright 2005 JAMS. All rights reserved.



# Demand for Arbitration
# Before JAMS

## TO RESPONDENT: John L. Sullivan II
(Name of the Party on whom Demand for Arbitration is made)

(Address) 29 Lloyden Drive

| (City) Atherton | (State) CA | (Zip) 94027 |
| --- | --- | --- |
| (Telephone) | (Fax) | (E-Mail) |

Representative/Attorney (if known): Anthony Paduano
(Name of the Representative/Attorney of the Party on whom Demand for Arbitration is made)

(Address) Paduano & Weintraub, 1251 Avenue of the Americas, Ninth Floor

| (City) New York | (State) New York | (Zip) 10020 |
| --- | --- | --- |
| (Telephone) 212-785-9100 | (Fax) 212-785-9099 | (E-Mail) |

## FROM CLAIMANT (Name): Credit Suisse Securities (USA) LLC

(Address) 11 Madison Avenue

| (City) New York | (State) New York | (Zip) 10010 |
| --- | --- | --- |
| (Telephone) (212) 325-2000 | (Fax) | (E-Mail) |

Representative/Attorney of Claimant (if known): Alexander C.B. Barnard
(Name of the Representative/Attorney for the Party Demanding Arbitration)

(Address) Credit Suisse Securities (USA) LLC

| (City) New York | (State) New York | (Zip) 10010 |
| --- | --- | --- |
| (Telephone) (212) 325-2000 | (Fax) | (E-Mail) (see below) |

## NATURE OF DISPUTE

Claimant hereby demands that you submit the following dispute to final and binding arbitration (a more detailed statement of the claim(s) may be attached): EMAIL: alexander.barnard@credit-suisse.com]. AMENDED DEMAND FOR ARBITRATION. This Demand amends the Demand for Arbitration filed by Claimant against Respondent on October 3, 2007.

Respondent was an employee of Claimant as of September 27, 2007, when he abruptly purported to resign and began aggressively soliciting Claimant's clients in violation of an



# Demand for Arbitration Before JAMS

agreement under which he promised to provide Claimant with 60 days' notice of his intent to resign and, for an additional 30 days after effective termination, to refrain from competing with Claimant's clients and employees, and for an additional 60 days after effective termination, to refrain from soliciting Claimant's clients and employees. In addition, Credit Suisse has discovered that, shortly before Respondent purported to resign from Credit Suisse, he (and those acting on his behalf) took Credit Suisse's confidential and proprietary information. Such conduct is in violation of numerous contractual provisions as well as Respondent's fiduciary duties to Claimant.

## ARBITRATION AGREEMENT

This demand is made pursuant to the arbitration agreement which the parties made as follows (cite location of arbitration provision & attach two (2) copies of entire agreement).

## CLAIM & RELIEF SOUGHT BY CLAIMANT

Claimant asserts the following claim and seeks the following relief (include amount in controversy, if applicable): Claimant asserts claims for: breach of contract, breach of fiduciary duty, misappropriation of trade secrets, conversion, unfair competition, and tortious interence with contractual relations. Claimant reserves the right to assert additional claims. Claimant seeks injunctive relief and damages.

## RESPONSE

Respondent may file a response and counter-claim to the above-stated claim according to the applicable arbitration rules. Send the original response and counter-claim to the claimant at the address stated above with two (2) copies to JAMS.



# Demand for Arbitration Before JAMS

## Request for Hearing

JAMS is requested to set this matter for hearing at: New York, New York
(Preferred Hearing Location)

Signed (Claimant): _Alexander Barnard_  Date: October 16, 2007
(may be signed by an attorney)

Print Name: Alexander C.B. Barnard

Please include a check payable to JAMS for the required initial, non-refundable $300.00 per party deposit to be applied toward your case management fee and submit to your local JAMS office.